UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| STANLEY A JAMES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 2:16-CV-325-TWP-MCLC |
| v. | ) | |
| THE CITY OF KNOXVILLE, TN, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Acting pro se, Stanley James, an inmate confined in the Hardeman County Correctional Facility, has submitted this civil rights complaint for damages under 42 U.S.C. § 1983 [Doc. 2], as well as an application for leave to proceed without payment of fees or costs [Doc. 1] and a motion to admit exhibits as evidence [Doc. 3].

Plaintiff claims that The City of Knoxville ("Defendant") "fail[ed] to adequately train its police officers regarding the Constitutional rights of criminal defendants" [Doc. 2 p. 5]. For the reasons set forth herein, Plaintiff's application for leave to proceed *in forma pauperis* will be **GRANTED**. However, no service shall issue, and this complaint will be *sua sponte* **DISMISSED** and Plaintiff's remaining motion will therefore be **DENIED**.

I. **The Filing Fee**

Based on the financial data provided by Plaintiff, his application to proceed without prepayment of fees [Doc. 1] is **GRANTED**. Nonetheless, because Plaintiff is an inmate, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The custodian of Plaintiff's inmate trust account at the institution where he now resides

shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: <u>Clerk, USDC; 220 W. Depot St., Suite 200; Greeneville, TN 37743</u>. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. Screening the Complaint

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit

2

a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To state a claim under § 1983, Plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Black v. Barberton Citizens Hosp.,* 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff brings this § 1983 complaint against the City of Knoxville, asserting that the City failed to adequately train its police officers which resulted in investigator, Andrew Boatmuan and Lieutenant Kenny Miller concealing exculpatory material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

**III.   Claims Barred by *Heck v. Humphrey***

Plaintiff's claim that Investigator Boatmuan and Lieutenant Miller withheld material, discoverable evidence is barred by *Heck* because the claim necessarily implies the invalidity of Plaintiff's convictions and sentences. *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff cannot pursue a § 1983 claim that, if successful, would necessarily imply the invalidity of

3

a previous conviction or sentence, unless the plaintiff can demonstrate favorable termination of the prior conviction or sentence. *Id*. at 487. The Supreme Court held:

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or call into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983.

*Id*. at 486-487 (footnote omitted).

Plaintiff's sentence has not been favorably terminated as required by *Heck v. Humphrey*, 512 U.S. at 486-87. Plaintiff does not allege, and nothing in the record before the Court demonstrates, he has successfully challenged his conviction and sentence.

Here, success on Plaintiff's claim would necessarily imply the convictions and sentence are invalid because underlying his claim are the allegations that Investigator Boatmuan and Lieutenant Miller withheld material exculpatory evidence resulting in his illegal conviction. Plaintiff's arguments, assuming they are true, are precisely the type prohibited under *Heck's* favorable termination rule, as relief on any claim alleged would imply the invalidity of his conviction and sentence which have not been reversed or set aside. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1300 (2011) (noting *Brady* claims are outside the province of § 1983).

**IV. Requested Relief Barred by *Heck***

Plaintiff does not specifically request the Court to invalidate his conviction and release him from prison, even though, as previously stated, a finding in his favor on his claim would necessarily imply that his convictions and sentences were invalid. Rather, he seeks six-and-a-half million dollars and court costs and fees in monetary relief. *Heck*, as

4

extended by *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (prisoner's claim for injective and monetary relief not cognizable under § 1983 as it necessarily implied invalidity of good-time credits where he alleged deceit and bias on part of hearing officer), does not permit money damages based on allegations that necessarily imply the invalidity of a conviction or sentence. Because awarding relief to Plaintiff on any portion of his claims would necessarily imply the invalidity of his convictions and sentences, his claim for money damages is not cognizable under § 1983.

**V.     Conclusion**

Accordingly, because Plaintiff's claims are *Heck*-barred, Plaintiff's complaint is *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28. U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

　　　　　　　　　　　　　s/ Thomas W. Phillips　　　　　　
　　　　　　　　　　　　UNITED STATES SENIOR DISTRICT JUDGE